**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARY JULIA HOOK,

     Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

No. 03-9006
(T.C. Nos. 8747-00 & 11725-02)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

Petitioner Mary Julia Hook, a lawyer appearing pro se, appeals from the

United States Tax Court's (1) dismissal of her and her husband's joint

consolidated tax cases for failure to prosecute, (2) consolidation of her and her

husband's tax cases involving different time periods, and (3) issuance of various

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

scheduling orders. We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm.

The parties are familiar with the facts and we need not restate them here. Suffice it to say that Ms. Hook and her husband David Lee Smith (collectively "Taxpayers") filed two petitions with the Tax Court contesting the Commissioner's determination that they owed additional federal income taxes for 1992, 1993, and 1994 (Case I), and 1995 and 1996 (Case II). I R. Doc. 1; II R. Doc. 2.[1] Case I was originally set for trial on September 10, 2001, but was continued, at Taxpayers' request, after a hearing. I R. Docs. 4, 10. Following four days of trial between May 2, 2002, and August 19, 2002, I R. Docs. 25, 49, 50, 59; several additional continuances at taxpayers' request, I R. Docs. 6, 59 at 430-31; and the consolidation of the first case with the more recently filed second case, I R. Doc. 68; II R. Doc. 10; Taxpayers failed to appear at the resumption of the trial scheduled for May 19, 2003, I R. Doc. 80 at 1. Taxpayers had filed an emergency motion to strike and reset the trial date on May 16, 2003. I R. Doc. 75. Taxpayers neglected to notify their ten witnesses under subpoena who did appear at the trial setting along with one witness on behalf of the Commissioner. I R. Doc. 80 at 11-12. Ms. Hook claims that she and her husband missed the trial

_____

[1]"I R. Doc." references are to the documents in the original record of the first case, Tax Court No. 8747-00; and "II R. Doc." references are to the documents in the original record of the second case, Tax Court No. 11725-02.

setting because "they were both very, very sick." Aplt. Br. at 26. After permitting the taxpayers to show cause, the tax court then dismissed the consolidated cases for failure to properly prosecute, I R. Doc. 82; II R. Doc. 24, and entered a decision in the amounts requested by the Commissioner for each year, I R. Doc. 83; II R. Docs. 25.

We review the dismissal for failure to prosecute for an abuse of discretion. Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). "The authority of a court to dismiss . . . for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Dismissal for failure to prosecute is a severe sanction, and thus should be imposed only after the careful exercise of judicial discretion. DeBardeleben v. Quinlan, 937 F.2d 502, 504 (10th Cir. 1991). However, it is nevertheless an appropriate sanction against a party who disregards court orders and fails to proceed as required by court rules. Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976).

In Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), this court described the following five factors that are relevant in determining whether a court abused its discretion in dismissing a case:

> (1) the degree of actual prejudice to the [Commissioner]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

(internal quotation marks and citations omitted). Upon our review of the record and these five factors, we conclude that the Tax Court did not abuse its discretion.

First, Taxpayers' repeated failure to comply fully with the tax court's orders requiring adequate pretrial preparation and stipulations not only resulted in delay, but also wasted the Commissioner's time and impeded efforts to resolve these matters on the merits. Second, Taxpayers' failure to comply with the tax court's orders wasted the tax court's time and borders on contumacious behavior. No court, including the tax court, is required to tolerate conduct that disrupts the orderly administration of justice and hinders the court's management of its docket. The fact that Taxpayers' ten witnesses showed up for the continuation of the trial reflects a lack of consideration for and attention to obvious consequences.

Third, despite Ms. Hook's claims that she and her husband were "very, very sick" on the May 19 trial date, the tax court is entitled to great deference in its findings on credibility, McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002), and it is clear that the tax court did not find her excuses to be credible, I R.

- 4 -

Doc. 82 at 15. Moreover, Ms. Hook has not offered reasonable explanations for her other failures to comply with the court's orders.

Fourth, the tax court had threatened at least once to dismiss the case for Taxpayers' failure to comply with its orders and be prepared for trial, I R. Doc. 25 at 16; and no fewer than three orders setting these cases for trial contained the following statement: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU," I R. Docs 4, 15; II R. Doc. 4.

Finally, Ms. Hook has not addressed the efficacy of lesser sanctions, other than to say that there were unspecified sanctions short of dismissal that could have been imposed. Aplt. Br. at 27. The tax court had already attempted to remedy Taxpayers' failure to prepare for trial by issuing additional, more specific orders and by giving more time. Given that Taxpayers consistently failed to obey the court's orders, there is no reason to believe that lesser sanctions would have been effective. The tax court did not abuse its discretion in dismissing the consolidated case for failure to prosecute.

Ms. Hook also argues that the tax court abused its discretion by issuing orders that

> (1) consolidated two tax appeals, filed two years apart and at very different stages of factual complexity and preparation; (2) used the consolidation of Docket Nos. 8747-00 and 11725-02 to force an unfair and unrealistic timetable on Ms. Hook and her husband

- 5 -

for the trial of Docket No. 11725-02; (3) changed the original May 12, 2003 trial date for the consolidated docket approximately two weeks before the previously scheduled date, thereby forcing Ms. Hook to cancel long-scheduled client matters . . . ; and (4) treated Ms. Hook's and her husband's serious illnesses in mid-May of 2003 as if they were non-existent . . . .

Aplt. Br. at 28.  We have thoroughly reviewed the record in this case and do not find any of the tax court's above-referenced decisions to be an abuse of discretion.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge