T.C. Memo. 2005-273

UNITED STATES TAX COURT

ROBERT C. CURCI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1495-04.                    Filed November 28, 2005.

Robert C. Curci, pro se.

Shawna A. Early, for respondent.

MEMORANDUM OPINION

MARVEL, Judge:  This matter is before the Court on respondent's motion to dismiss for lack of prosecution.

Background

Petitioner did not file Federal income tax returns for 1997, 1998, 2000, and 2001.  By a notice of deficiency dated October 28, 2003, respondent determined deficiencies in income tax and

additions to tax under sections 6651(a)(1)[1] and 6654(a) for 1997,
1998, 2000, and 2001 (the years in issue) as follows:

| Tax year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
|----------|-----------|-----------------|--------------|
| 1997 | $87,669 | $19,884.75 | $4,207.05 |
| 1998 | 118,109 | 27,576.00 | 5,007.64 |
| 2000 | 63,621 | 14,259.00 | 3,007.48 |
| 2001 | 37,781 | 7,726.75 | 1,204.64 |

On January 26, 2004, we received and filed petitioner's
petition for redetermination of the deficiencies for the years in
issue. Petitioner resided in Bronx, New York, when his petition
was filed. In his petition, petitioner argued that respondent's
calculation of petitioner's capital gains and losses was
incorrect.[2]

We set petitioner's case for trial during our October 25,
2004, New York, New York, trial session, and mailed him a notice
setting case for trial and a standing pretrial order, dated May
19, 2004. The standing pretrial order required the parties to

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

[2]In the notice of deficiency, respondent also determined
that petitioner received unreported income from wages, interest,
dividends, partnerships, real estate, and nonemployee
compensation. Respondent granted petitioner the standard
deduction for all 4 years in issue and determined that petitioner
was liable for a self-employment tax on his nonemployee
compensation for 1998. Respondent also adjusted petitioner's
personal exemption for each year to reflect the increase in
petitioner's adjusted gross income. Petitioner did not contest
these adjustments in his petition, and, consequently, except for
computational adjustments, we deem these adjustments conceded.
See Rule 34(b)(4).

prepare a stipulation of facts and stated that the failure of either party to cooperate in the preparation of such stipulation could result in sanctions. The order also required each party to exchange documents that the party intended to use at trial and to prepare a pretrial memorandum and submit copies to the Court and opposing party at least 2 weeks before the first day of the trial session.

By letter dated April 9, 2004, respondent's Appeals officer scheduled a settlement conference with petitioner for May 25, 2004. When a settlement was not reached, petitioner's case was returned to the Division Counsel's office, and an attorney from that office scheduled an October 20, 2004, meeting with petitioner for the purpose of preparing a stipulation of facts for trial. Petitioner attended the meeting, but his documentation was incomplete. The parties did not prepare a stipulation of facts.

On October 25, 2004, both respondent's counsel and petitioner appeared at calendar call and were heard. Respondent's counsel reported that respondent was ready to proceed with trial. Petitioner requested additional time to prepare and submit his Federal income tax returns for the years in issue. We ordered the parties to submit decision documents or a status report on or before November 24, 2004.

On November 17, 2004, petitioner informed respondent that petitioner had prepared a schedule of stock transactions for the years in issue and was waiting for an appointment to have his tax returns prepared. On November 22, 2004, petitioner told respondent that he had scheduled such an appointment for November 23, 2004, and that he anticipated his returns being prepared and completed shortly thereafter. On November 24, 2004, we filed respondent's status report in which respondent requested an additional 45 days, until January 9, 2005, for the parties to file decision documents or a status report. We granted the parties' request for an extension by order dated November 29, 2004.

On December 28, 2004, respondent requested that petitioner submit his delinquent returns on or before January 5, 2005. Respondent also warned petitioner that if petitioner did not make progress in preparing and filing his delinquent returns, respondent would request that petitioner's case be called for trial during the next New York, New York, trial session. On January 3, 2005, petitioner informed respondent that petitioner did not have his returns prepared. Respondent again warned petitioner that if he did not receive petitioner's returns by January 5, 2005, he would request that the case be restored to the general docket and calendared for trial at the next New York, New York, trial session. On January 5, 2005, petitioner informed

respondent that he did not have his returns and did not know when they would be completed.

On January 6, 2005, we filed respondent's status report. On January 7, 2005, we ordered that the case be restored to the general docket, and the case was set for trial during the Court's June 13, 2005, New York, New York, trial session. We sent petitioner a notice setting case for trial and a standing pretrial order, dated January 10, 2005.

By letter dated January 26, 2005, respondent requested that petitioner send copies of all relevant documents to respondent pursuant to Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). Respondent also warned petitioner that, in light of petitioner's history of inaction, should he fail to provide the requested information, respondent would object to any further continuances requested by petitioner, file a motion to dismiss the case at the calendar call, and request that the deficiencies and additions to tax asserted in the notice of deficiency be sustained. On March 18, 2005, respondent sent petitioner another letter requesting petitioner's tax returns for the years in issue and any other documentation supporting his tax return positions.

On March 30, 2005, we filed respondent's requests for admission. Petitioner did not file a response within 30 days, and, consequently, the requested admissions were deemed admitted under Rule 90(c). On May 23, 2005, respondent once again

requested copies of petitioner's delinquent tax returns. By letter dated May 27, 2005, respondent warned petitioner that if he did not submit his returns to respondent, respondent would move to dismiss the case for failure by petitioner to properly prosecute.

On June 13, 2005, both respondent's counsel and petitioner appeared and were heard. Respondent's counsel presented a motion to dismiss for lack of prosecution as a result of petitioner's inaction. When questioned about his continued inaction, petitioner stated that he was "probably the world's biggest procrastinator" and argued that his tax returns had become too complicated for him to prepare.[3] We took respondent's motion to dismiss under advisement for 30 days. We advised petitioner that if he provided respondent with his supporting documentation and filed his delinquent returns, we would favorably consider his actions when determining whether he acted willfully or in bad faith. Petitioner did not provide respondent with any of his delinquent returns or supporting schedules by the July 13, 2005, deadline, nor has he submitted any documents since that date.

---

[3]Petitioner also blamed his inaction on his responsibilities as the executor of a friend's estate, on his providing aid to an evicted friend, and on two sick cats.

## Discussion

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute his case, failure to comply with the Rules of the Court or any order of the Court, or for any cause that the Court deems sufficient. Rule 123(b). Dismissal is appropriate where the taxpayer's failure to comply with the Court's Rules and orders is due to willfulness, bad faith, or fault. See Dusha v. Commissioner, 82 T.C. 592, 599 (1984). In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim. Rule 149(a); Rollercade, Inc. v. Commissioner, 97 T.C. 113, 116-117 (1991); Smith v. Commissioner, T.C. Memo. 2003-266, affd. sub nom. Hook v. Commissioner, 103 Fed. Appx. 661 (10th Cir. 2004).

Petitioner has disregarded the Court's Rules and standing pretrial order by failing to cooperate meaningfully with respondent to prepare this case for trial. Petitioner's pattern of procrastination and inaction made it impossible for the parties to exchange information, conduct negotiations, or prepare a stipulation of facts before trial. Petitioner's several requests for more time to file his delinquent returns, which were

made fewer than 30 days before scheduled trial session dates,[4] further underscore what appears to have been an intentional attempt on the part of petitioner to unreasonably delay the proceedings. See <u>Williams v. Commissioner</u>, 119 T.C. 276, 279-280 (2002).

Petitioner was repeatedly warned by respondent's counsel and by the Court of the consequences of failing to prepare for trial and of failing to appear at trial. Despite those warnings, petitioner repeatedly failed to make any reasonable effort to demonstrate his good faith and willingness to prepare his case for trial. Although petitioner asserted that he was in the process of having his returns prepared, he did not take meaningful steps to meet with his preparer or with respondent, although he had plenty of time and opportunity to do so. We conclude from these circumstances that petitioner's claim that he intended to prepare and file his returns was simply another misguided attempt to procrastinate and delay.

We conclude, therefore, that petitioner has failed to comply with the Court's Rules and orders and has failed properly to prosecute this case. See <u>Rollercade, Inc. v. Commissioner</u>, <u>supra</u>

---

[4]Under Rule 133, a motion for continuance filed 30 days or less before the trial date will be denied unless the ground for continuance arose within that period or there was good reason for not making the motion sooner. Petitioner requested additional time to file long overdue tax returns, the absence of which petitioner admits is a result of his own procrastination.

at 116-117; <u>Smith v. Commissioner</u>, <u>supra</u>.  Petitioner's course of conduct throughout the proceedings demonstrates that these failures are due to petitioner's willfulness, bad faith, or fault, and we conclude that dismissal of this case is appropriate.  Petitioner has not raised any issue upon which respondent has the burden of proof.  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933) (Commissioner's determinations in the notice of deficiency are presumed correct; taxpayer bears the burden of proving them wrong).[5]

To reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered</u>.

---

[5]Because petitioner has not introduced any credible evidence with respect to any factual issue and has failed to cooperate with respondent's requests for information, documents, meetings, and interviews, the burden of proof does not shift to respondent. See sec. 7491(a).  In addition, respondent has no obligation under sec. 7491(c) to produce evidence that the secs. 6651(a)(1) and 6654(a) additions to tax are applicable because petitioner is deemed to have conceded the additions to tax by failing to assign error to the additions to tax in the petition.  See <u>Funk v. Commissioner</u>, 123 T.C. 213, 217-218 (2004); <u>Swain v. Commissioner</u>, 118 T.C. 358, 363-364 (2002).  Even if respondent had an obligation to produce evidence of petitioner's liability for the additions to tax, respondent's obligation would be satisfied by the deemed admissions.