T.C. Memo. 2008-252


UNITED STATES TAX COURT


MICHAEL S. SILVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25859-06.                  Filed November 10, 2008.


Michael S. Silver, pro se.

<u>C. Teddy Li</u>, for respondent.


MEMORANDUM OPINION


GOEKE, <u>Judge</u>:   Respondent determined income tax
deficiencies and additions to tax for the years 1987, 1988, 1990,
and 1994 (the years in issue) as follows:

| | | Additions to Tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6653(a)(1)(A) | 6653(a)(1)(B) | 6653(a)(1) |
| | | | 50% of the interest on | |
| 1987 | $334,147 | $16,707 | $334,707 | --- |
| 1988 | 532,493 | --- | --- | $26,625 |

| | | Additions to Tax/Penalties | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6662 | 6651(a)(2) | 6651(f) |
| 1990 | $1,361 | $272 | --- | --- |
| 1994 | 46,898 | --- | $11,725 | $34,001 |

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner did not appear for trial. Thus, because of petitioner's failure to communicate with respondent or to appear for trial at the Court's Baltimore, Maryland, May 5, 2008, trial session, respondent moved to dismiss this case for lack of prosecution and for a default judgment as to the addition to tax for fraudulent failure to file under section 6651(f).

Respondent's motion relies on facts and evidence deemed admitted by reason of default, through the allegations in respondent's answer, and through deemed admissions under Rule 90.

## Background

At the time his petition was filed, petitioner resided in Maryland. During and before the years at issue petitioner was a licensed attorney who did not actively practice law in the State of Maryland.

On August 26, 1992, petitioner filed a voluntary petition with the U.S. Bankruptcy Court for the District of Maryland (bankruptcy court) under chapter 11 of the Bankruptcy Code.

On November 30, 1992, the bankruptcy court ordered petitioner to file his Federal income tax returns for 1987, 1988, 1989, 1990, and 1991 on or before January 4, 1993. Petitioner failed to comply with the bankruptcy court's order, and no tax returns were filed for the 1987 through 1991 tax years. On January 22, 1993, petitioner's bankruptcy case was converted to a chapter 7 bankruptcy proceeding, and petitioner was discharged in bankruptcy on October 14, 1993.

In December 1993 petitioner was employed by North American Title Co. (North American). North American issued title insurance binders and policies for commercial and residential real estate. North American was required to maintain escrow accounts of settlement funds deposited and to maintain balances in these accounts sufficient to cover liabilities created by escrow transactions.

Beginning around January 1994 and continuing to October 1994, petitioner devised a scheme to defraud and obtain money from buyers and sellers of residential real estate, their mortgage companies, and title insurance companies. Petitioner discovered that on one residential refinancing, the mortgage company had funded a mortgage twice. Instead of repaying the excess from the escrow account as required, petitioner diverted in excess of $134,000 from the operating and escrow accounts of North American for his own use. As a result of this diversion of funds, North American was unable to pay its obligations from its escrow accounts, such as taxes, mortgages, return of excess settlement funds, and proceeds of sales and refinancings. When the mortgage company discovered the double payment, petitioner made false representations to avoid repayment. Petitioner received gross income of approximately $139,248 in 1994 from the diverted funds.

On March 1, 1997, a Federal grand jury in the U.S. District Court for the District of Maryland returned a seven-count indictment against petitioner--five counts for wire fraud (in violation of 18 U.S.C. section 1343) and two counts for willful failure to file income tax returns (in violation of section 7203). In August 1997 petitioner was disbarred by the Maryland State Bar.

Petitioner entered a plea of guilty in an agreement reached on November 7, 1997, to one count of wire fraud and one count of willful failure to file an income tax return for 1994. On July 24, 1998, the District Court entered its judgment in a criminal case (the judgment) pursuant to said guilty plea. The District Court dismissed the remaining counts on its own motion.

On October 9, 2001, petitioner (through his representative) submitted to respondent's revenue agent delinquent Federal income tax returns which included the tax years 1987, 1988, and 1990. Petitioner failed to file a Federal income tax return for the tax year 1994 even though he timely filed an automatic extension of time.

On September 15, 2006, respondent issued a statutory notice of deficiency for 1987, 1988, 1990, and 1994 and determined deficiencies of $334,147, $532,493, $1,361, and $46,898, respectively. The deficiencies arose from respondent's disallowance of certain partnership, long- and short-term capital, and other losses and the disallowance of some itemized deductions petitioner claimed on his Federal income tax returns. However, respondent did allow some standard and self-employment tax deductions. Respondent also determined that petitioner was liable for: (1) Additions to tax for negligence under section 6653(a)(1)(A) for the tax year 1987, additions to tax under section 6653(a)(1)(B) for the tax year 1987, and additions to tax

for negligence or disregard of rules and regulations under section 6653(a)(1) for the tax year 1988; (2) an accuracy-related penalty pursuant to section 6662 for the tax year 1990; (3) an addition to tax for failure to pay under section 6651(a)(2) for the tax year 1994[1]; and (4) a penalty for fraudulent failure to file for the tax year 1994 under section 6651(f).

On December 14, 2006, petitioner filed a petition for redetermination of the deficiencies, additions to tax, and penalties.

The Court served a notice setting case for trial and a copy of the Court's standing pretrial order on petitioner on December 10, 2007, at petitioner's address of record. The notice stated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

By letter dated December 21, 2007, respondent mailed to petitioner a letter proposing a conference for January 7, 2008. The letter further informed petitioner that should he fail to appear for trial, he may be held liable for the full amount of the deficiencies, additions to tax, and penalties as set forth in the notice of deficiency. Petitioner failed to respond or appear.

---

[1]Since the time respondent's pending motion was filed, respondent has conceded the addition to tax for failure to pay under sec. 6651(a)(2) for the tax year 1994.

On February 15, 2008, respondent served on petitioner informal discovery, including a request for production of documents, written interrogatories, and a request for admissions. In these documents petitioner was asked to explain and describe his business relationships and to provide any and all evidence establishing petitioner's interest and basis in such investments with Fleet Street Associates, Bond Street Associates, and Butcher & Singer/Keystone Venture I Ltd./LP., for which petitioner claimed partnership and other losses on his delinquent Federal income tax returns for the years in issue. Petitioner failed to respond to respondent's requests.

On February 19, 2008, we filed respondent's request for admissions. Petitioner did not file a response within the 30-day period, and, consequently, the requested admissions were deemed admitted under Rule 90(c).

Before trial, on April 17, 2008, respondent served on petitioner his pretrial memorandum pursuant to the Court's standing pretrial order, which included the date and time of the calendar call. Respondent informed petitioner that a motion to dismiss for lack of prosecution and for default judgment may be filed for failure to properly prosecute his case. Petitioner failed to respond. On May 2, 2008, respondent telephoned petitioner and left a message informing him of the date, time, and location of the calendar call and again reiterated the

possible filing of the motion to dismiss. Petitioner failed to respond to respondent's telephone messages.

This case was called at the Court's trial calendar in Baltimore, Maryland, on May 5, 2008. Petitioner did not appear, file a pretrial memorandum, submit a Rule 50(c) statement in lieu of appearance, or request a continuance. At that time respondent filed the motion to dismiss as provided by Rule 123(b). At the conclusion of the proceeding the Court issued an order directing petitioner to show cause on or before June 4, 2008, why respondent's motion to dismiss should not be granted and a decision entered against petitioner determining deficiencies in tax, additions to tax, and penalties due in the amounts and for the years set forth in respondent's motion to dismiss. The Court has received no response and the order was not returned due to a change of address.

Discussion

A.    Failure To Properly Prosecute

Rule 123(b) provides:

> (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court * * * the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue to which such party has the burden of proof, and such decision shall be treated as a dismissal * * *.

In addition, Rule 149 provides in part:

> (a) Attendance at Trials: The unexcused absence of a party or party's counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute * * *.
>
> (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof * * * may be ground for dismissal or for determination of the affected issue against that party. * * *

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute his case, failure to comply with the Rules of the Court, or for any cause that the Court deems sufficient. Rule 123(b); Mills v. Commissioner, T.C. Memo. 2007-270; Stephens v. Commissioner, T.C. Memo. 2005-183. Dismissal is appropriate where the taxpayer's failure to comply with the Court's Rules and orders is due to willfulness, bad faith, or fault. See Dusha v. Commissioner, 82 T.C. 592, 599 (1984); McCammon v. Commissioner, T.C. Memo. 2007-3; Curci v. Commissioner, T.C. Memo. 2005-273. In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim. Rule 149(a); Rollercade, Inc. v. Commissioner, 97 T.C. 113, 116-117 (1991); Brooks v. Commissioner, 82 T.C. 413, 423-424 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Curci v. Commissioner, supra; Smith v. Commissioner, T.C. Memo. 2003-266,

affd. sub nom. <u>Hook v. Commissioner</u>, 103 Fed. Appx. 661 (10th Cir. 2004).

Petitioner disregarded the Court's Rules and standing pretrial order by failing to cooperate with respondent in preparing this case for trial. Documentation in the record demonstrates that respondent repeatedly requested petitioner to comply with respondent's informal discovery requests, which petitioner rebuffed. Petitioner's continuous refusal to meet respondent's request for discovery made it impossible for the parties to exchange information, conduct negotiations, or prepare a stipulation of facts before trial. Petitioner failed to prepare and submit a pretrial memorandum before the scheduled trial session as required by the Court's standing pretrial order and failed to produce any documents relevant to his case. In addition, petitioner failed to appear at the scheduled trial session.

Petitioner's course of conduct throughout the proceedings demonstrated that these failures are due to petitioner's willfulness, bad faith, or fault, and we conclude that dismissal of this case is appropriate. Petitioner has failed to comply with the Court's Rules and orders and has failed properly to prosecute his case. See <u>Rollercade, Inc. v. Commissioner</u>, <u>supra</u> at 116-117; <u>Smith v. Commissioner</u>, <u>supra</u>. Petitioner is not eligible for the benefit of section 7491 in the light of his

failure to cooperate with reasonable requests of respondent for information and other matters respecting this case. See sec. 7491(a)(2)(B). Accordingly, we shall grant respondent's motion to dismiss this case for lack of prosecution and for default judgment. However, because respondent has determined that petitioner is liable for additions to tax and a penalty pursuant to section 7491(c), the burden of production is on respondent, and we must determine whether respondent has satisfied his burden of production.

B.     Burden of Production

Section 7491(c) provides:

> SEC. 7491(c). Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

In order to satisfy his burden of production under section 7491(c), the Commissioner must produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount. Wheeler v. Commissioner, 127 T.C. 200, 206 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden, the taxpayer must come forward with sufficient evidence to persuade the Court that the Commissioner's determinations are incorrect.

Respondent determined that petitioner is liable for additions to tax under sections 6651(a)(2) and (f) and 6653(a)(1), (a)(1)(A) and (B), and a penalty under section 6662. Because petitioner contested his liability for the additions to tax and penalty in his petition, respondent has the burden of production under section 7491(c) to come forward with evidence that it is appropriate to hold petitioner liable for the additions to tax and penalty. In addition, respondent bears the burden of proof to establish fraudulent intent by clear and convincing evidence regarding section 6651(f). See sec. 7454(a); Rule 142(b).

1.   Section 6651(f) Addition to Tax

Respondent determined that for 1994 petitioner is liable under section 6651(f) for a $34,001 addition to tax for fraudulent failure to file.

Section 6651(f) imposes an addition to tax of up to 75 percent of the amount of tax required to be shown on the return where the failure to file a Federal income tax return is due to fraud. To establish fraudulent intent, the Commissioner must prove that a taxpayer intended to evade a tax known or believed to be owed by conduct intended to conceal, mislead, or prevent the collection of tax. Akland v. Commissioner, 767 F.2d 618, 621 (9th Cir. 1985), affg. T.C. Memo. 1983-249; Powell v. Granquist, 252 F.2d 56 (9th Cir. 1958).

The existence of fraud is a question of fact that must be considered on the basis of an examination of the entire record and the taxpayer's entire course of conduct. Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989). Respondent's burden of proving fraud can also be met by facts deemed admitted pursuant to Rule 37(c). Doncaster v. Commissioner, 77 T.C. 334, 336-337 (1981). In the case of a default, facts alleged by respondent in the answer are deemed to be true, and judgment for respondent is proper if those facts are sufficient to show that petitioner fraudulently failed to file his tax return for 1994. See Smith v. Commissioner, 91 T.C. 1049, 1056-1057 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). With respect to the addition to tax under section 6651(f), the entry of a default judgment as a sanction under Rule 104(c)(3) has the effect of deeming admitted all of respondent's factual and conclusory allegations relating to section 6651(f) that are set forth in the answer. Smith v. Commissioner, supra at 1056.

Since fraud can seldom be established by direct proof, the requisite intent may be inferred from any conduct, the likely effect of which would be to conceal, mislead, or otherwise prevent the collection of taxes the taxpayer knew or believed he owed. Spies v. United States, 317 U.S. 492, 499 (1943); Rowlee v. Commissioner, 80 T.C. 1111 (1983); Vogt v. Commissioner, T.C. Memo. 2007-209.

Courts have developed several objective "badges" of fraud, including:  (1) Understatement of income; (2) inadequate records; (3) failing to file tax returns; (4) providing implausible or inconsistent explanations of behavior; (5) concealment of assets; (6) failing to cooperate with taxing authorities; (7) filing false Forms W-4, Employee's Withholding Allowance Certificate; (8) failing to make estimated tax payments; (9) dealing in cash; (10) engaging in a pattern of behavior that indicates an intent to mislead; and (11) filing false documents.  Vogt v. Commissioner, supra; see also Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Cooley v. Commissioner, T.C. Memo. 2004-49.  No single factor is necessarily sufficient to establish fraud; however, a combination of several of these factors may be persuasive evidence of fraud. Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), affg. per curiam T.C. Memo. 1982-603.  This case involves numerous "badges" of fraud:  (1) Petitioner willfully failed to file an income tax return under section 7203 or make payment for the taxable year 1994; (2) petitioner failed to report substantial income for the 1994 tax year; (3) petitioner attempted to conceal assets and income from a fraudulent scheme for which he was criminally indicted and pleaded guilty; and (4) petitioner failed to cooperate with respondent.

Accordingly, the Court is granting a judgment by default for respondent with respect to the $34,001 addition to tax under section 6651(f) determined for the year 1994 for fraudulent failure to file and willful negligence. See Rechtzigel v. Commissioner, 79 T.C. 132, 143 (1982), affd. per curiam on another ground 703 F.2d 1063 (8th Cir. 1983).

2.   Section 6653 Additions to Tax

Respondent determined that petitioner is liable for additions to tax for the tax year 1987 for negligence (1) of $16,707 under section 6653(a)(1)(A), and (2) 50 percent of the interest due on the portion of the underpayment attributable to negligence ($334,707) under section 6653(a)(1)(B).  Respondent also determined an addition to tax for negligence of $26,625 under section 6653(a)(1) for 1988.

Section 6653(a)(1) and (a)(1)(A) and (B) imposes an addition to tax[2] if any part of the underpayment is due to negligence or intentional disregard of rules and regulations.  Negligence is defined as a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances."

_____

[2]The additions to tax under sec. 6653(a)(1)(A) and (B) are for an amount equal to 5 percent of the underpayment, and an amount equal to 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment which is attributable to negligence for the period beginning on the last date prescribed by law for payment of such underpayment and ending on the earlier of the date of the assessment of the tax or the date of payment.

Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299; Neely v. Commissioner, 85 T.C. 934, 947 (1985); see Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982)

To prevail on the issue of negligence, taxpayers must prove that their actions in connection with the transaction were reasonable in the light of their experience and business sophistication. Avellini v. Commissioner, T.C. Memo. 1995-489; Dister v. Commissioner, T.C. Memo. 1987-217. If a taxpayer is misguided, unsophisticated in tax law, and acts in good faith, we may conclude that he or she is not liable for the addition to tax for negligence. Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. Dister v. Commissioner, T.C. Memo. 1987-217; Hansen v. Commissioner, 820 F.2d 1464, 1469 (9th Cir. 1987).

On both his 1987 and 1988 Forms 1040, U.S. Individual Tax Return, petitioner claimed partnership losses and long-term capital losses for 1987 and 1988 from Fleet Street Associates and Bond Street Associates. However, Fleet Street Associates and Bond Street Associates did not file Federal income tax returns for the tax years 1987 or 1988. Respondent provided redacted

copies of IRS tax transcripts which showed that no returns were filed by these partnerships for the tax years 1987 or 1988.

Respondent determined that petitioner was not allowed the claimed losses because (1) petitioner failed to establish what his adjusted basis was in these partnerships, (2) petitioner failed to establish that any loss was sustained, or (3) it was not established that the deduction was allowable as a deduction or loss under any section of the Code.

Thus, respondent contends that petitioner has not provided evidence or demonstrated that his underpayment of tax was not due to negligence or disregard of rules or regulations or a substantial understatement of income tax.  Respondent also contends that petitioner did not have reasonable cause or act in good faith for the years at issue.

We agree and find that respondent has carried the burden of production, and we sustain the additions to tax under section 6653(a)(1), (a)(1)(A) and (B) for 1987 and 1988.

3.  Section 6662 Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662 of $272 for 1990 because the underpayment of tax was attributable to negligence.

Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment of tax which is attributable to, inter alia, negligence or disregard of rules or regulations, sec.

6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2). For purposes of section 6662(a), the term "negligence" includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c); sec. 1.6662-3(b), Income Tax Regs. Negligence has also been defined as a "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Neely v. Commissioner, supra at 947 (quoting Marcello v. Commissioner, supra at 506); Criss v. Commissioner, T.C. Memo. 2002-62.

A taxpayer will not be liable for a penalty under section 6662 if he had reasonable cause. Sec. 6664(c). The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper liability. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer." Sec. 1.6664-4(b)(1), Income Tax Regs. (emphasis added); see Reynolds v. Commissioner, 296 F.3d 607, 618 (7th Cir. 2002) ("experience, knowledge and education" proviso

was fatal to taxpayer who was attorney, C.P.A., and IRS audit supervisor), affg. T.C. Memo. 2000-20; <u>Emerson v. Commissioner</u>, T.C. Memo. 2001-186 (lawyer liable for accuracy-related penalty for failing to keep adequate records required by section 6001).

Petitioner claimed on his 1990 Form 1040 ordinary losses (other section 1231 losses) and partnership losses (nonpassive losses) from Fleet Street Associates and a short-term capital loss from the entity Butcher & Singer/Keystone Venture I Ltd. Respondent provided a redacted copy of an IRS tax transcript which showed that no return was filed by these partnerships for the tax year 1990. Thus, the bases in these partnerships had not been substantiated, and the losses were disallowed. Accordingly, on the basis of the entire record and the deemed admissions, the Court finds that respondent has satisfied the burden of production with respect to the accuracy-related penalty under section 6662(a) imposed on petitioner for the taxable year 1990. Respondent has shown that petitioner failed to keep adequate books and records and negligently failed to report income. In addition, petitioner's educational and professional background does not support an honest misunderstanding of facts and laws. Petitioner has not provided evidence or demonstrated that his underpayment of tax was not due to negligence or disregard of rules or regulations. Respondent contends that because petitioner has failed to introduce any evidence to indicate that

he was not negligent, petitioner has failed to meet his burden of proof.  We agree.  Accordingly, we sustain respondent's determination that petitioner is liable for an accuracy-related penalty under section 6662 for the year 1990 of $272.

To reflect the foregoing,

An appropriate order and decision will be entered.