T.C. Memo. 2012-309

UNITED STATES TAX COURT

BURTON F. TUCKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25912-11.                    Filed November 5, 2012.

Burton F. Tucker, pro se.

<u>Julia L. Wahl</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for

default under Rule 123.[1]  Respondent determined deficiencies of $189,298,

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of
Practice and Procedure, and all section references are to the Internal Revenue Code

(continued...)

[*2] $142,876, $145,974, and $131,864 in petitioner's Federal income tax for 2001, 2002, 2003, and 2004, respectively, and additions to tax under section 6651(f) of $142,950, $117,389, $114,459.25, and $101,848, for the taxable years 2001, 2002, 2003, and 2004, respectively.

## Background

At the time the petition was filed, petitioner resided in Pennsylvania. Respondent filed an answer in which he denied the material allegations of fact contained in the petition and made affirmative allegations in support of his position regarding the period of limitations and the additions to tax.

On April 12, 2012, petitioner was given notice that this case was set for trial at the Court's session to begin on September 10, 2012, in Pittsburgh, Pennsylvania. The notice advised petitioner that his failure to appear may result in entry of decision against him. An accompanying standing pretrial order specified actions the parties were required to perform in preparation for trial, including the exchange of documents, the preparation of a stipulation of facts, the requirement that a pretrial memorandum be filed not less than 14 days before the first day of the trial session, that the parties be ready for trial on September 10, 2012, and that

---

[1](...continued)
in effect for the years in issue.

[*3] the Court might impose appropriate sanctions, including dismissal, for any unexcused failure to comply with the order.

By letter dated June 12, 2012, respondent invited petitioner to a June 19, 2012, conference at respondent's office in Pittsburgh, Pennsylvania, to prepare his case for trial. Petitioner did not appear but responded by letter dated June 14, 2012, as follows:

> My attendance will not occur on June 19th 2012 at 9:30 a.m. due to a medical condition nor in the future unless you agree to the stipulation and [sic] follows:
>
> The Pre Trial conference is unnecessary because the only issue that could be stipulated is the non-signing of the form 4340 official tax assessment records.

On June 27, 2012, respondent served on petitioner respondent's request for production of documents and respondent's interrogatories to petitioner. Petitioner's response to each request for production of documents was "Object. To [sic] broad and vague. Irrelevant and immaterial, not relevant to the matter at hand." With the exception of one interrogatory,[2] petitioner responded to each interrogatory as follows: "Object. I respectfully decline under the 1st, 4th and 5th

---

[2]Respondent's interrogatory No. 3 asked petitioner to describe the method of financial recordkeeping employed in his dental practice and asked who maintained those records. Petitioner's response was: "In house tax accountant. The records were maintained by myself."

**[*4]** Amendment [sic] of the United States Constitution.  Petitioner is more than willing to fully answer if, immunity is given from Criminal Prosecution by this Honorable Court."

Respondent filed with the Court motions to compel responses to the request for production of documents and the interrogatories on July 30, 2012.  On August 2, 2012, the Court directed petitioner to produce and make available to respondent for inspection and copying the documents requested in respondent's request for production of documents or file a reply stating adequate reasons why the requested documents or some part thereof cannot or should not be produced by August 22, 2012.  Petitioner did not produce any documents in response to the Court's order but submitted a response objecting to each request, stating:  "I respectfully decline under the 1st, 4th and 5th Amendments of the United States Constitution.  Petitioner is more than willing to fully produce if, immunity is given from Criminal Prosecution by this Honorable Court."  On August 2, 2012, the Court directed petitioner to answer respondent's interrogatories to petitioner by August 22, 2012.  On August 27, 2012, petitioner responded that he had already sent his answer to respondent's interrogatories and that he had responded with good-faith objections to discovery requested by respondent.

**[\*5]** On August 29, 2012, respondent filed motions to impose sanctions, alleging that petitioner's responses to respondent's interrogatories and request for production of documents were inadequate. By orders dated August 31, 2012, the Court set respondent's motions to impose sanctions for hearing on September 10, 2012. In our orders we advised both parties to be prepared for trial on September 10, 2012, regardless of how we might rule on respondent's motions to impose sanctions.

Respondent also filed a motion to show cause why proposed facts and evidence should not be accepted as established pursuant to Rule 91(f) on August 2, 2012. Petitioner's response, filed August 27, 2012, stated that he agreed with proposed stipulation paragraphs 1, 2, 4, 5, 6, 12, 13, 14, 16, 17, 19, 20, 21, and 22. Respondent alleges that petitioner's remaining responses were inadequate and, on August 29, 2012, respondent filed a motion for entry of order under Rule 91(f)(3) that matters be deemed stipulated. By order dated August 31, 2012, the Court set respondent's Rule 91(f)(3) motion for hearing on September 10, 2012. The parties were again advised to be prepared for trial on September 10, 2012, regardless of how we might rule on respondent's motion.

Petitioner did not file a pretrial memorandum as required in our standing pretrial order. On September 6, 2012, petitioner filed a motion for continuance,

**[\*6]** which was denied the same day. The Court served a copy of the order denying petitioner's motion to continue on petitioner by both regular mail and certified mail. In addition, the Court sent a copy of that order to petitioner via overnight mail. The Court's order again advised the parties to be prepared for trial on September 10, 2012.

This case was regularly called for trial at the trial session of this Court on September 10, 2012, at Pittsburgh, Pennsylvania. Counsel for respondent appeared and announced she was ready for trial. No appearance was made by or on behalf of petitioner, and respondent filed a motion for default.

After issuing an order to show cause under Rule 91(f) on August 2, 2012, and receiving petitioner's response, we ordered that the paragraphs and exhibits in respondent's proposed stipulation of facts that petitioner had admitted would be deemed stipulated. The deemed stipulation is incorporated in the record. Respondent also filed motions to impose sanctions regarding respondent's interrogatories and request for production of documents. Considering the posture of the case we determined that these motions for sanctions are moot.

**[\*7]**                                    Discussion

Rule 123(b) provides:

> (b) Dismissal:  For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner.  The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

Petitioner's failure to appear at trial and his failure to follow the provisions of our standing pretrial order are grounds upon which the Court may dismiss a case and enter a decision against the taxpayer.  See Gross v. Commissioner, T.C. Memo. 2008-218, 2008 Tax Ct. Memo LEXIS 214, at *8.  A dismissal and decision against petitioner for the deficiencies determined in the notice of deficiency is an appropriate sanction in this case.  See Silver v. Commissioner, T.C. Memo. 2008-252, 2008 Tax Ct. Memo LEXIS 251, at *9.

Rule 123(a) provides:

> (a) Default:  If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court.  Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. The Court may, in its discretion, conduct hearings to ascertain

**[*8]** whether a default has been committed, to determine the decision to be entered or the sanctions to be imposed, or to ascertain the truth of any matter.

Failure to appear at trial is a ground for default, and the Court may enter a decision against the defaulting party. An appropriate sanction for a default is to deem facts alleged by respondent in the answer to be true. See Smith v. Commissioner, 91 T.C. 1049 (1988), aff'd, 926 F.2d 1470 (6th Cir. 1991); Silver v. Commissioner, 2008 Tax Ct. Memo LEXIS 251, at *13-*14. A taxpayer's failure to appear at trial and failure to comply with the orders of the Court are proper bases for deeming the affirmative allegations in the answer to be true and entering a decision against the party in default. See Smith v. Commissioner, 91 T.C. at 1056-1057. We therefore hold that petitioner is in default and that the affirmative allegations in respondent's answer are deemed true.

Before we can enter a decision against petitioner we must first address petitioner's allegation that assessment is barred by the three-year statute of limitations of section 6501.

In the petition, petitioner alleged that the August 17, 2011, notice of deficiency was issued more than three years after he filed his 2001 through 2004 Federal income tax returns. This is an issue on which respondent has the burden of proof. See Breen v. Commissioner, T.C. Memo. 1983-645, 1983 Tax Ct. Memo

[*9] LEXIS 144, at *25.  In his answer respondent affirmatively alleged that petitioner's income tax returns for the taxable years 2001, 2002, 2003, and 2004 were due to be filed on or before April 15 of each respective following year, that petitioner filed his 2001, 2002, 2003, and 2004 income tax returns on October 8, 2008, and that the notice of deficiency for the taxable years 2001, 2002, 2003, and 2004 (years in issue) was timely sent to petitioner by certified mail on August 17, 2011, which was before the expiration of the three-year period for assessment applicable under section 6501(a).  These allegations are deemed admitted.  Furthermore, in petitioner's August 27, 2012, response to the Court's order regarding respondent's proposed stipulation of facts petitioner stated that he agreed his 2001 through 2004 Federal income tax returns were filed on October 8, 2008, and that the notice of deficiency was dated August 17, 2011.  Accordingly, petitioner has in fact admitted all of the facts necessary to find that respondent mailed the August 11, 2011, notice of deficiency to petitioner within the three-year period of limitations under section 6501(a).  Respondent has met his burden of proof on this issue.  Therefore, we hold that assessment of the deficiencies is not barred by the statute of limitations.

Respondent also determined that petitioner is liable under section 6651(f) for additions to tax for fraudulent failure to file for each year in issue.  Section

**[*10]** 6651(f) imposes an addition to tax of up to 75% of the amount of tax required to be shown on the return where the failure to file a Federal income tax return is due to fraud. "[R]espondent must prove by clear and convincing evidence that petitioner underpaid his income tax and that some part of the underpayment was due to fraud." Clayton v. Commissioner, 102 T.C. 632, 646 (1994). There is no question that petitioner's failure to timely file returns resulted in an underpayment for each year. His delinquent returns filed in 2008 show significant amounts of unpaid tax. To establish fraudulent intent, the Commissioner must prove that a taxpayer intended to evade a tax known or believed to be owed by conduct intended to conceal, mislead, or otherwise prevent the collection of tax. See Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989); Akland v. Commissioner, T.C. Memo. 1983-249, 1983 Tax Ct. Memo LEXIS 536, at *45, aff'd, 767 F.2d 618 (9th Cir. 1985).

The existence of fraud is a question of fact that must be considered on the basis of an examination of the entire record and the taxpayer's entire course of conduct. See Petzoldt v. Commissioner, 92 T.C. at 699. Respondent's burden of proving fraud can be met by facts deemed admitted, and in the case of a default, facts alleged by respondent in the answer are deemed to be true. Judgment for respondent is proper if the deemed facts are sufficient to show that petitioner

**[*11]** fraudulently failed to file his tax returns for 2001, 2002, 2003, and 2004.  See

Smith v. Commissioner, 91 T.C. at 1056-1057.  With respect to the additions to tax

under section 6651(f), the entry of a default judgment has the effect of deeming

admitted all of respondent's factual and conclusory allegations relating to section

6651(f) that are set forth in the answer.  See id. at 1056.

The requisite fraudulent intent may be inferred from any conduct the likely

effect of which would be to conceal, mislead, or otherwise prevent the collection of

taxes the taxpayer knew or believed he owed.  See Rowlee v. Commissioner, 80

T.C. 1111, 1123 (1983); Vogt v. Commissioner, T.C. Memo. 2007-209, 2007 Tax

Ct. Memo LEXIS 212, at *14-*15, aff'd, 336 Fed. Appx. 758 (9th Cir. 2009).

Courts have developed several objective "badges" of fraud, including:  (1)

understatement of income; (2) inadequate records; (3) failure to file tax returns; (4)

providing implausible or inconsistent explanations of behavior; (5) concealment of

assets; (6) failure to cooperate with taxing authorities; (7) filing false Forms W-4,

Employee's Withholding Allowance Certificate; (8) failure to make estimated tax

payments; (9) dealing in cash; (10) engaging in a pattern of behavior that indicates

an intent to mislead; and (11) filing false documents.  See Vogt v. Commissioner,

2007 Tax Ct. Memo LEXIS 212, at *16; see also Bradford v. Commissioner, 796

F.2d 303, 307 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Cooley v.

[*12] Commissioner, T.C. Memo. 2004-49, 2004 U.S. Tax Ct. LEXIS 27, at

*23-*24. No single factor is necessarily sufficient to establish fraud; however, a

combination of several of these factors may be persuasive evidence of fraud. See

Vogt v. Commissioner, 2007 Tax Ct. Memo LEXIS 212, at *16.

The following facts alleged in respondent's answer that are deemed true

support respondent's determination of the section 6651(f) addition to tax:

> During the taxable years 2001, 2002, 2003 and 2004, petitioner was self-employed as a dentist.
>
> Petitioner's books and records were maintained, and his income tax returns for the years here involved were filed, on the cash method of accounting.
>
> During the years 2001, 2002, 2003 and 2004, petitioner received the following gross receipts from his dentistry practice:

| | |
|---|---|
| 2001 | $571,746 |
| 2002 | 539,890 |
| 2003 | 545,650 |
| 2004 | 536,202 |

> During the years 2002, 2003 and 2004, petitioner received additional income of $157, $734, and $224, respectively.
>
> During the year 2004, petitioner received $42,920 in income from the sale of stock.
>
> For tax years prior to 1996, petitioner reported income from his dental practice on Forms Schedule C filed with petitioner's timely filed federal income tax returns.

[*13] In 1996, petitioner transferred his dental practice to the Zubov & Associates Trust, a trust over which he exercised complete control. Thereafter, petitioner did not report dental practice income on timely filed individual income tax returns and Zubov & Associates did not file income tax returns.

Petitioner was the defendant in the criminal case of United States of America v. Burton F. Tucker, Crim. No. 05-0114 (M.D. Pa.). The indictment filed in that case on March 22, 2005, charged petitioner with three counts of evading income taxes in violation of I.R.C. § 7201 for the years 1998, 1999, and 2000. * * *

Petitioner entered a plea of guilty to Count II of the indictment on July 6, 2005. Count II of the indictment states:

COUNT II

That during the calendar year 1999,

BURTON F. TUCKER

a resident of Waynesboro, Pennsylvania, had and received taxable income in the sum of approximately $402,397; that upon said taxable income there was owing to the United States: an income tax of approximately $132,510; self employment tax of approximately $16,743; and, tax due to his withdrawal from a qualified retirement plan of approximately $12,700; that well knowing and believing the foregoing facts,

BURTON F. TUCKER

On or about April 15, 2000 in the Middle District of Pennsylvania did willfully attempt to evade and defeat said tax due and owing him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2000 as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the

[*14] Internal Revenue Service said taxes, and by engaging in the following affirmative acts of evasion:

    (a)    On or about February 12, 1996 and continuing through taxable years 1998, 1999 and 2000, BURTON F. TUCKER concealed and attempted to conceal from all proper officers of the United States of America his true and correct income by falsely claiming that his was earned by a trust entitled "Zubov & Associates" which was actually controlled by BURTON F. TUCKER;

    (b)    During the taxable years 1998, 1999 and 2000, BURTON F. TUCKER concealed and attempted to conceal from all proper officers of the United States of America his true and correct income by wiring hundreds of thousands of dollars to offshore accounts;

    (c)    From on or about July 1999 and continuing thereafter until the date of this Indictment BURTON F. TUCKER has sent numerous pieces of correspondence to the Internal Revenue Service and elsewhere in which he repeatedly refused to comply with Internal Revenue Service laws or to pay any federal tax.

In violation of Title 26, United States Code, Section 7201.

[*15] On August 25, 2005, the United States district court for the Middle District of Pennsylvania entered an order adjudging petitioner guilty of tax evasion for the taxable year 1999 pursuant to petitioner's guilty plea in that proceeding.

During the tax years 2001, 2002, and 2003, petitioner made wire transfers of substantial sums of money from the Zubov & Associates bank account number ending in 5601 to an offshore bank account or bank accounts.

One reason that petitioner transferred his dental practice to the Zubov & Associates trust, deposited income from his dental practice into the Zubov & Associates bank account, and transferred money offshore was to conceal from respondent that he had taxable income which would require him to timely file income tax returns.

Petitioner * * * was aware of his obligation to timely file correct federal income tax returns for the years 2001, 2002, 2003 and 2004.

Petitioner did not file income tax returns for the years 2001, 2002, 2003 and 2004, until October 8, 2008, a date which was years after the due date of the returns.

Petitioner's failure to timely file his 2001, 2002, 2003 and 2004 federal income tax returns was fraudulent and not due to reasonable cause.

Petitioner is liable for the fraudulent failure to file penalty pursuant to I.R.C. § 6651(f) for the taxable years 2001, 2002, 2003 and 2004.

The facts reveal numerous "badges" of fraud including: (1) petitioner willfully failed to file income tax returns or make payments for the years in issue; (2) petitioner failed to report substantial income for the years in issue; (3) petitioner attempted to conceal assets and income; (4) petitioner's actions during

**[*16]** the years in issue were a continuation of a fraudulent scheme for which he was criminally indicted and pleaded guilty; and (5) petitioner failed to cooperate with respondent.

We find that respondent has proven by clear and convincing evidence that petitioner's failure to file timely returns for the years in issue was fraudulent. Accordingly, we will grant respondent's motion for default and enter a decision as to the deficiencies and additions to tax determined in the notice of deficiency.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.