T.C. Memo. 2008-218

UNITED STATES TAX COURT

DAIVID NORMAN GROSS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20082-05.            Filed September 25, 2008.

Daivid Norman Gross, pro se.

<u>Beth Nunnink</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>: This case is before the Court on respondent's
motion to dismiss for lack of prosecution, for default judgment,
and for entry of decision. As discussed below, we shall grant
respondent's motion. Unless otherwise noted, all section
references are to the Internal Revenue Code of 1986 as in effect
for the years in issue, all Rule references are to the Tax Court

Rules of Practice and Procedure, and all dollar amounts have been rounded to the nearest dollar.

## Background

Petitioner did not file Federal income tax returns for 2001 and 2002. Respondent prepared substitutes for return for both years and issued a notice of deficiency, determining the following deficiencies, additions to tax, and penalties with respect to petitioner's income tax:

| | | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(2) | Sec. 6651(f)[1] | Sec. 6654 |
|------|-----------|-----------------|----------------|-----------|
| 2001 | $20,301 | $3,857 | $14,718 | $811 |
| 2002 | 33,323 | 1,114 | 24,159 | 4,332 |

[1]In the alternative, respondent asserts additions under sec. 6651(a)(1) if the Court determines petitioner is not liable for the additions to tax under sec. 6651(f).

Petitioner filed a timely petition with respect to the notice of deficiency. He resided in Tennessee when he did so, and he listed a Tennessee address (Tennessee address). Petitioner designated Nashville, Tennessee, as the place of trial.

On December 27, 2005, respondent filed an answer which made specific affirmative allegations in support of establishing the additions to tax under section 6651(f) for fraudulent failure to file returns for 2001 and 2002. The answer was served on petitioner at the Tennessee address.

On March 17, 2006, respondent filed a motion for entry of an order that undenied allegations in respondent's answer be deemed admitted under Rule 37(c).  On March 23, 2006, petitioner sent a letter to the Court requesting that his address be changed to an address in Florida (Florida address).  Petitioner's address was changed by order dated April 11, 2006, which was served on petitioner by certified mail at the Florida address.  After the Court granted a further extension by order dated May 8, 2006, served on petitioner by certified mail at the Florida address, petitioner filed a reply on May 22, 2006.  The Court thereupon denied respondent's Rule 37(c) motion.

Petitioner's reply addressed the allegations in respondent's answer and also specifically referred to extensions of time to file the reply, notice of which had been served on petitioner by certified mail at the Florida address.

On November 24, 2006, respondent served requests for admission on petitioner by first class mail at the Florida address.  Petitioner did not respond to the requests for admission, nor were they returned to respondent as undeliverable.[1]

On December 12, 2007, the Court served upon petitioner by certified mail at the Florida address a notice setting case for

---

[1]The record establishes that petitioner was receiving mail from respondent at the Florida address from early August 2006 through late December 2006.  See infra n.2.

trial and a standing pretrial order, which advised that the trial in petitioner's case was set for May 5, 2008, in Nashville, Tennessee. The notice setting case for trial stated in part:

> YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.
>
> Your attention is called to the Court's requirement that * * * the parties must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully * * *. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

The envelope containing the notice setting case for trial and the standing pretrial order was returned unclaimed.

Respondent subsequently filed motions to compel discovery under Rules 71(c) and 72(b), and the Court ordered petitioner to comply.[2] That order was served on petitioner by certified mail at the Florida address on March 11, 2008. The order was returned unclaimed, and petitioner did not respond. A subsequent order imposing sanctions on petitioner for his failure to respond, served on petitioner by certified mail at the Florida address on April 8, 2008, was also returned unclaimed. Thereafter, the Court served another copy of the sanctions order on petitioner by first class mail at the Florida address. That copy was returned;

---

[2]Respondent's motions to compel included letters from petitioner responding to respondent's informal and formal discovery requests, with dates from early August 2006 through late December 2006, demonstrating that petitioner was receiving respondent's mailings at the Florida address during this period.

on the mailing envelope, the address had been blacked out and a notation by the United States Postal Service added, stating: "RETURN TO SENDER This mail cannot be corrected because the original address was covered by customer".

On May 1, 2008, 4 days before the trial date, the Court received a letter from petitioner, which was filed as petitioner's motion to dismiss. Therein, petitioner stated that he was responding to the Court's notice setting case for trial.[3] However, the letter also claimed that petitioner had not received any correspondence from the Court since he filed his reply, which had occurred some 19 months before the notice setting case for trial was sent to him by certified mail. Petitioner also denied having ever initiated this proceeding and urged the Court "to bring to an end all of these proceedings as they are frivolous and quite pointless." Petitioner further asserted that he had moved to Canada on November 19, 2007, and that an "immigration issue" prevented him from returning to the United States. Finally, petitioner did not include a return address on the letter or the envelope in which it was mailed and requested that the Court contact him by e-mail.

---

[3]As noted, the notice setting case for trial that was served on petitioner at the Florida address was returned unclaimed. The record does not indicate how petitioner received a copy of that notice.

When this case was called for trial in Nashville, Tennessee, on May 5, 2008, there was no appearance by or on behalf of petitioner. Counsel for respondent appeared and filed a motion to dismiss for lack of prosecution, for default judgment, and for entry of decision (respondent's motion). In a May 29, 2008, order served on petitioner by certified mail at the Florida address, the Court directed petitioner to respond to respondent's motion.[4] The order was returned unclaimed, and petitioner has not responded.

## Discussion

### Petitioner's Motion To Dismiss

Petitioner's motion to dismiss asserts simply that these proceedings are frivolous and offers no other reason why this case should be dismissed. Respondent issued a notice of deficiency to petitioner with respect to petitioner's 2001 and 2002 taxable years, and petitioner timely petitioned the Court. Thus, we have jurisdiction. See secs. 6212 and 6213; Monge v. Commissioner, 93 T.C. 22, 27 (1989). "'[A] taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy.'"

---

[4]We note that at that time there was no provision in the Rules allowing service of orders by electronic means. Rule 21(b)(1) required service of orders by mail to the party's last known address or by (personal) delivery to a party. Rule 21(b)(4) required a party to promptly notify the Court of any change of address.

Estate of Ming v. Commissioner, 62 T.C. 519, 521 (1974) (quoting Dorl v. Commissioner, 57 T.C. 720, 722 (1972), affd. 507 F.2d 406 (2d Cir. 1974)).  Accordingly, we shall deny petitioner's motion to dismiss.

## Respondent's Motion To Dismiss

Respondent requests that we dismiss this case for lack of prosecution under Rule 123(b) and hold petitioner in default under Rule 123(a) with respect to the addition to tax for fraudulent failure to file under section 6651(f).

## Dismissal for Lack of Prosecution

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute his case, failure to comply with the Rules of this Court or any order of the Court, or for any cause which the Court deems sufficient.  Rule 123(b); Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir. 1987), affg. T.C. Memo. 1986-223; McCoy v. Commissioner, 696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981).  The Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim.  Rule 149(a); Brooks v. Commissioner, 82 T.C. 413 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985).

Petitioner has failed to prosecute this case properly. Petitioner's failure to appear for trial is unexcused.  His

motion to dismiss, received 4 days before the trial, demonstrates that petitioner was aware of the trial date and the contents of the notice setting case for trial, which warned of dismissal and entry of an adverse decision in the event of a failure to appear. The statements petitioner made in his motion to dismiss, especially those directed at creating the impression that he was unaware of the Court's efforts to contact him concerning these proceedings, are unworthy of belief. In his motion, petitioner states both that he was responding to the notice setting case for trial and that he had received nothing from the Court since the filing of his reply (which occurred some 19 months before the trial notice was issued). These statements are inconsistent. Petitioner's assertion in the motion that he did not initiate this lawsuit is incredible; his petition and designation of trial location are in the record. The circumstances under which the Court's sanctions order, sent to petitioner by first class mail, was returned with the address blacked out by the postal customer (according to the U.S. Postal Service) invite strong suspicion that petitioner was deliberately refusing delivery of the Court's mailings. Even if one accepted as true petitioner's claim that he moved to Canada on November 19, 2007, and was prevented by an "immigration issue" from returning to the United States, petitioner had ample time to seek a continuance. Instead, on the eve of trial he sent a letter urging that the proceedings be

terminated.  Consequently, we are satisfied that petitioner is merely attempting to forestall the day of reckoning regarding his tax liabilities and alleged fraud.  Finally, petitioner was aware of the directive in the notice setting case for trial that he cooperate with respondent in the stipulation process. Petitioner's correspondence replying to respondent's informal and formal discovery requests demonstrates that he was aware of respondent's discovery efforts.  However, petitioner did not cooperate in the stipulation or discovery process.

The foregoing provides ample grounds for granting respondent's motion to dismiss for lack of prosecution. Accordingly, we shall grant respondent's motion as more fully described below.

Deficiencies

All of the material allegations set forth in the petition in support of the assignments of error have been denied in respondent's answer.  Petitioner has not claimed, or shown eligibility for, any shift in the burden of proof.[5]  Accordingly, the burden of proof rests with petitioner concerning any error in

---

[5]Any burden that respondent may bear to show a minimum evidentiary foundation for petitioner's receipt of income in 2001 and 2002, see e.g. United States v. Walton, 909 F.2d 915, 919 (6th Cir. 1990), has been satisfied by petitioner's deemed admissions.  Under Rule 90(c), petitioner's failure to respond to respondent's requests for admission resulted in petitioner's being deemed to have admitted that he lived in the United States for more than 183 days in 2001 and 2002 and had income of at least $63,660 and $96,293, respectively, in those years.

the deficiency determination, and petitioner has adduced no evidence in support of the assignments of error in the petition. We shall therefore sustain respondent's determinations of the deficiencies for 2001 and 2002.

Additions to Tax Under Sections 6651(a)(2) and 6654(a)

Pursuant to section 7491(c), the burden of production is on respondent with respect to the additions to tax determined under sections 6651(a)(2) and 6654(a).[6]  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Respondent offers certified copies of substitutes for return he prepared for petitioner for 2001 and 2002 and deemed admissions to meet his burden of production.

On November 27, 2006, respondent served requests for admission by first class mail on petitioner at the Florida address.  This mailing was not returned.  Petitioner claims in his motion to dismiss that he received nothing from the Court after he filed his reply on May 22, 2006.  Notably, petitioner does not make the same claim with respect to mailings from respondent.  Most significantly, respondent served other discovery requests on petitioner by mail at the Florida address only 3 days before serving the requests for admission at that address.  The record contains letters petitioner sent respondent

---

[6]Respondent would also bear the burden of production on his alternative position that petitioner is liable for additions to tax under sec. 6651(a)(1).  However, because we conclude, infra, that the fraud additions under sec. 6651(f) should be sustained, we need not address sec. 6651(a)(1).

in response to those discovery requests, which demonstrate that petitioner received them.  We have no difficulty concluding that petitioner received service of the requests for admission.  His failure to respond to them therefore results in each matter therein being deemed admitted under Rule 90(c).

The certified copies of substitutes for return for 2001 and 2002[7] show liabilities of $20,301 and $33,143, respectively.  The deemed admissions establish that petitioner made no payments of tax or estimated tax and had no tax withheld for either year.  Thus, respondent has met his burden of production with respect to the additions to tax under section 6651(a)(2).

Further, the deemed admissions establish that petitioner did not file a return for the year preceding the years in issue.  Respondent's substitutes for return establish that petitioner had a required annual payment for 2001 and 2002.  See sec. 6654(d)(1)(B).  Thus, respondent has met his burden of production with respect to the section 6654(a) addition as well.

Petitioner has adduced no evidence in support of any exculpatory factors.  See Higbee v. Commissioner, supra at 446-

---

[7]The substitutes for return include Forms 1040, U.S. Individual Income Tax Return, to which were attached Forms 4549, Income Tax Examination Changes, Forms 886-A, Explanation of Items, and a revenue agent's certifications that these forms constitute valid returns under sec. 6020(b).  The substitutes for return contain sufficient information from which to compute petitioner's tax liability and meet the requirements of sec. 6020(b).  See Wheeler v. Commissioner, 127 T.C. 200, 209-210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

447; see also <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 206 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). We accordingly shall sustain respondent's determinations of the additions to tax under sections 6651(a)(2) and 6654(a) for 2001 and 2002.

<u>Section 6651(f) Additions to Tax</u>

Respondent has moved for a default under Rule 123(a) with respect to the additions to tax for fraudulent failure to file under section 6651(f). The Court may hold any party in default and may enter a judgment against the defaulting party if that party has failed to plead or otherwise proceed as provided by the Court's Rules or as required by the Court. Rule 123(a).

Sections 6011 and 6012 require every individual who has gross income in excess of certain amounts for a taxable year to file an income tax return. Section 6651(a)(1) provides for an addition to tax for failure to file a timely return, equal to 5 percent of the amount required to be shown as tax on the return, for each month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

If, however, the failure to file any return is fraudulent, section 6651(f) imposes an increased addition to tax equal to 15 percent of the amount required to be shown as tax on the return for each month or fraction thereof during which such failure continues, not exceeding 75 percent in the aggregate (instead of the 5 percent/maximum 25 percent addition under section

6651(a)(1)).  Respondent has determined that petitioner's failures to file for 2001 and 2002 were fraudulent.

The Commissioner must prove fraud by clear and convincing evidence.  See sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 646 (1994).  In determining whether petitioner's failure to file was fraudulent within the meaning of section 6651(f), we consider the same elements that are relevant in imposing the penalty for underpayment of tax due to fraud under section 6663.  Clayton v. Commissioner, supra at 653; see also Pappas v. Commissioner, T.C. Memo. 2002-127.

Establishing fraud requires proof that the taxpayer "acted with an intent to evade paying taxes"; this may be proved by circumstantial evidence.  Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990).

A number of indicia, or "badges", of fraud may give rise to a finding of fraud.  Among these are (1) Failure to file tax returns; (2) failure to report income over an extended period of time; (3) failure to furnish the Commissioner with access to records or to cooperate with taxing authorities; (4) failure to keep adequate books and records; (5) the taxpayer's experience and knowledge, especially knowledge of tax laws; (6) concealment of bank accounts or assets from Internal Revenue agents; (7) a taxpayer's willingness to defraud another in a business transaction; (8) implausible or inconsistent explanations of

behavior; (9) failure to make estimated tax payments; and (10) a pattern of behavior that indicates an intent to mislead. Solomon v. Commissioner, 732 F.2d 1459, 1461-1462 (6th Cir. 1984), affg. T.C. Memo. 1982-603; Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).

The effect of a default is to establish the well-pleaded facts of the nondefaulting party. Smith v. Commissioner, 91 T.C. 1049, 1057 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). If we enter a default judgment against petitioner with respect to the additions to tax under section 6651(f), we must decide whether respondent's specific allegations of fact, taken to be true by virtue of the default, are sufficient to establish petitioner's fraudulent failure to file by clear and convincing evidence. See id. at 1059.

Petitioner "has failed to plead or otherwise proceed" within the meaning of Rule 123(a). He failed to participate in the preparation of his case for trial, and he failed to appear for trial without excuse. Entering a default against petitioner with respect to the additions to tax for fraudulent failure to file is therefore "appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts to support such a judgment." Smith v. Commissioner, supra at 1058-1059 (quoting Bosurgi v. Commissioner, 87 T.C. 1403, 1408 (1986)).

Respondent's specific allegations of fact, taken to be true by petitioner's default, establish the following. Petitioner did not file tax returns for the years at issue, and he has not filed tax returns for any year since 1990. During 1998 through 2002 petitioner received unreported taxable income from his business activities, which included fraudulent investment schemes wherein petitioner promoted, aided, and abetted other taxpayers in tax evasion through the use of offshore bank and credit card accounts. Petitioner was sued civilly by certain investors in respect to these schemes, and a judgment was entered against him in the Sixth Judicial Circuit Court for Pinellas County, Florida. Petitioner did not maintain adequate books and records, and he failed to submit records of his income-producing activities to respondent. Petitioner's failure to maintain records of his income-producing activities was fraudulent with the intent to evade tax. Respondent determined petitioner's income for 2001 and 2002 using the bank deposits method. Petitioner made extensive deposits to various bank accounts with a bank in the Bahamas, with Toronto Dominion Bank, with Bank of America, and with Southtrust Bank during 1998 through 2002. Petitioner fraudulently and with the intent to evade tax made false and misleading statements to respondent's revenue agents during the

examination of petitioner's income tax liabilities.  Finally, petitioner was aware of the requirement to file Federal income tax returns, and he failed to do so with the intent to evade tax.

The foregoing facts as alleged in respondent's answer clearly and convincingly establish that in failing to file tax returns for 2001 and 2002 petitioner intended to evade paying taxes and thereby committed fraud.  These facts are established by virtue of petitioner's default.  Accordingly, we shall sustain respondent's determination of the additions to tax for fraudulent failure to file under section 6651(f) by entry of a default judgment against petitioner.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.