T.C. Memo. 2014-101

UNITED STATES TAX COURT

PETER H. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

PETER HENRY JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 29579-09, 23503-10.[1]        Filed May 27, 2014.

P failed to file tax returns for the 1999 through 2007 tax years. R prepared substitutes for returns under I.R.C. sec. 6020(b) for those years and determined deficiencies in income tax and additions to tax under I.R.C. secs. 6651(a)(1) and (2) and 6654. P raised only frivolous arguments in his pleadings and failed to appear when these cases were called for trial.

_____

[1]Petitioner filed the petition with respect to 1999 through 2005 at docket No. 29579-09 in the name of Peter H. Jones and the petition with respect to 2006 and 2007 at docket No. 23503-10 in the name of Peter Henry Jones. The cases were consolidated on April 15, 2011.

**[\*2]**  <u>Held</u>:  P's liability for deficiencies and additions to tax for all years is established by P's default, deemed admissions, and facts deemed stipulated.

<u>Held</u>, <u>further</u>, R's motion for penalties under I.R.C. sec. 6673 will be granted.

Peter H. Jones, pro se.

<u>Lisa M. Goldberg</u>, <u>Subin Seth</u>, and <u>Andrew Michael Tiktin</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  By notices of deficiency (notices), respondent determined deficiencies in, and additions to, petitioner's Federal income tax as follows:[2]

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

[*3]

|  | | Additions to tax | | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2)[1] | Sec. 6651(f) | Sec. 6654 |
| --- | --- | --- | --- | --- | --- |
| 1999 | $47,563 | $10,702 | $11,891 | -- | $2,284 |
| 2000 | 53,225 | 11,976 | 13,306 | -- | 2,863 |
| 2001 | 50,622 | 11,390 | 12,656 | -- | 2,023 |
| 2002 | 92,175 | 20,739 | 23,044 | -- | 3,080 |
| 2003 | 62,982 | 14,171 | 15,746 | -- | 1,625 |
| 2004 | 162,597 | 36,584 | 40,649 | -- | 4,660 |
| 2005 | 100,033 | 22,507 | 20,507 | -- | 4,013 |
| 2006 | 115,297 | -- | 23,059 | $83,590 | 5,456 |
| 2007 | 12,455 | -- | 1,744 | 9,030 | 567 |

[1]With respect to the additions to tax under I.R.C. sec. 6651(a)(2), respondent determined that the "addition to the tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent."

In response to the notices, petitioner filed petitions in which he failed to explain his disagreement with respondent's determinations beyond reciting tax-protester rhetoric such as his "conclusion that the paying of Federal income taxes was voluntary for the vast majority of most of the people in the United States". In his answers to the petitions, respondent for the most part denied petitioner's allegations. In his answer to the petition in docket No. 29579-09, respondent added to his determination that petitioner must pay additions to tax under section 6651(a)(1) on account of his failure to file returns by asserting that petitioner must pay increased additions under section 6651(f) on account of his fraudulent failure to file returns. Respondent asserts that petitioner must pay section 6651(f)

[*4] additions of $35,672, $39,919, $37,967, $69,131, $47,237, $121,948, and $75,025, for the tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005, respectively. If we do not find that petitioner is liable for those increased additions, then, in the alternative, respondent relies on the section 6651(a)(1) additions to tax that he previously determined.

We set these cases for trial during a trial session of the Court that commenced on January 30, 2012, in Courtroom 1524, Federal Building, 51 S.W. 1st Avenue, Miami, Florida. The cases were specially set to be called at 9:30 a.m. on January 31, 2012, and were on that date and at that time so called. Petitioner failed to appear. Respondent moved that, on account of his failure to appear at trial and on account of his failure to cooperate with respondent in preparing these cases for trial, petitioner be held in default and decisions be entered against him with respect to the deficiencies in and additions to tax for all years.[3] Respondent also moved the Court to impose on petitioner a section 6673(a)(1) penalty with respect to each case because petitioner's positions in these proceedings are

---

[3]In that motion, respondent asks that we find sec. 6651(f) additions to tax of $34,483, $38,588, $36,701, $66,827, $45,662, $117,883, and $72,524, for the tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005, respectively. Those amounts are less than the amounts respondent asserted in his answer in docket No. 29579-09. We shall assume that respondent concedes the differences as a reduction in the additions.

[*5] frivolous and these proceedings have been instituted and maintained by petitioner primarily for delay.

For the reasons that follow, we will grant the motions, sustain the deficiencies and additions to tax, and impose penalties.

Background

Petitioner resided in Marathon, Florida, at the time he filed the petition in docket No. 29579-09 and in Burlington, Ontario, Canada, at the time he filed the petition in docket No. 23503-10.

Respondent filed timely answers to both petitions. In each answer, respondent denied petitioner's allegations of error with respect to the deficiencies and set forth specific allegations in support of the additions to tax for fraudulent failure to file.

In paragraph 7 of his answer in docket No. 29579-09, respondent makes the following allegations in support of his determination that petitioner is liable for the fraudulent failure to file penalty for 1999 through 2005:

a. Petitioner has over 30 years of experience in the construction industry and possesses a degree from the Air Force College.

b. Petitioner was president of Peter Jones Contracting Inc., which rendered contracting services, during the taxable years 1999, 2000, 2001, 2002, 2003, 2004, and 2005.

[*6]  c.  Petitioner failed to maintain, or to submit for examination by respondent, complete and adequate books and accounts of his income producing activities for each of the taxable years 1999, 2000, 2001, 2002, 2003, 2004, and 2005, as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder.  For example, petitioner failed to provide any records pertaining to his income, including his bank statements, deposited items, and cancelled checks.

d.  During the taxable year 1999, petitioner received the following checks resulting from his business activities 1999:

| Date on check | Payor | Amount |
|---|---|---|
| Jan. 28, 1999 | PBM Development, Inc. | $5,250 |
| Feb. 1, 1999 | PBM Development, Inc. | 5,250 |
| May 28, 1999 | Steve Daniels, Inc. | 3,000 |
| Sept. 28, 1999 | Ocean Harbour Condominium Assoc. Inc. | 5,000 |
| Oct. 8, 1999 | Ocean Harbour Condominium Assoc., Inc. | 6,000 |
| Nov. 29, 1999 | Jimmy and Rhonda Johnson | 5,000 |
| Total | | 29,500 |

These checks constitute taxable income to petitioner for the taxable year 1999.

e.  During the taxable year 2000, petitioner received the following checks resulting from his business activities:

**[*7]**

| Date on check | Payor | Amount |
|---|---|---|
| June 6, 2000 | New Edition Contracting & Remodeling, Inc. | $4,400 |
| Aug. 18, 2000 | City of Key West | 18,924 |
| Oct. 10, 2000 | Thomas J. Dowdell III | 18,500 |
| Total | | 41,824 |

These checks constitute taxable income to petitioner for the taxable year 2000.

f. During the taxable year 2002, petitioner received the following check resulting from his business:

| Date on check | Payor | Amount |
|---|---|---|
| April 3, 2002 | City of Key West | $75,000 |

This check constitutes taxable income to petitioner for the taxable year 2002.

g. Petitioner owned two seats on the New York Mercantile Exchange during the taxable years 1999, 2000, 2001, 2002, 2003, 2004, and 2005. Petitioner, to conceal his ownership in these two seats, transferred the two seats to Thomas Hansen as a nominee. Thomas Hansen then rented one of the seats to John Losordo. Thomas Hansen and Jon [sic] Losordo made rental payments to MBF Clearing Corporation, which MBF Clearing Corporation then remitted to petitioner. In this way, petitioner received rental income in the amounts of $132,000, $132,000, $184,000, $204,500, $234,000, $349,000, and $341,000, during the taxable years 1999, 2000, 2001, 2002, 2003, 2004, and 2005, respectively.

h. Petitioner repeatedly refused to provide MBF Clearing Corporation with his social security number to prevent MBF Clearing

[*8] Corporation from filing Forms 1099 with respondent reflecting petitioner's rental income from his two seats on the New York Mercantile Exchange.

i. During the taxable year 2004, petitioner sold real property located at 275 West Seaview Drive in Marathon, Florida for a sales price of $464,500. Petitioner previously paid $69,000 for this real property, resulting in [a] taxable gain in the amount of $395,500 upon his sale of this property during the taxable year 2004.

j. Petitioner received taxable social security benefits in the amounts of $5,462 and $5,610 during the taxable years 2004 and 2005, respectively.

k. During the examination, petitioner asserted meritless positions that he is not a "taxpayer" for federal tax purposes, including (1) he has not been presented with any evidence that he is a domiciliary, citizen or resident of, and is not engaged in a taxable activity in or received income in, Puerto Rico, Guam, the Virgin Islands, or any other location in the Caribbean Basin, (2) he has not been served with a notice to file tax returns or to keep books and records for the years in question, and (3) he was not involved in any taxable activity with alcohol, tobacco, firearms, foreign trusts, or foreign earned income for the years in question.

l. Petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records to respondent in connection with the examination of his taxable years 1999, 2000, 2001, 2002, 2003, 2004, and 2005 was fraudulent with intent to evade tax.

m. Petitioner's fraudulent failure to file income tax returns for the taxable 1999, 2000, 2001, 2002, 2003, 2004, and 2005 is part of a pattern of intent to evade taxes.

n. Petitioner had taxable income in the amounts of $153,136.00, $164,621, $177,768, $269,501, $228,518, $745,112,

[*9] and $341,610 for the taxable years 1999, 2000, 2001, 2002, 2003, 2004, and 2005, respectively.

o. As a result of petitioner's fraudulent failure to file income tax returns for 1999, 2000, 2001, 2002, 2003, 2004, and 2005, he is liable for additions to tax under sec. 6651(f) of $35,672, $39,919, $37,967, $69,131, $47,237, $121,948, and $75,025, respectively.

In paragraph 8 of his answer in docket No. 23503-10, respondent made the following allegations in support of his fraudulent failure to file determination for 2006 and 2007:

(a) Petitioner has over 30 years of experience in the construction industry and possesses a degree from the Air Force College.

(b) Petitioner failed to maintain, or submit for examination by respondent, complete and adequate books and records for the taxable years 2006 and 2007, as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder. For example, petitioner failed to provide any records pertaining to his income, including his bank statements, deposited items, and cancelled checks.

(c) During the taxable year 2006, petitioner received checks related to his business activities from Robert or Laura Welliver in the amounts of $10,000, $20,000, and $38,000. These amounts constitute taxable income to petitioner for the taxable year 2006.

(d) During the taxable years 2006 and 2007, petitioner had unexplained bank deposits, in addition to the amounts described in the preceding paragraph, in the amounts of $71,226 and $48,350, respectively. These amounts constitute taxable income to petitioner for the taxable years 2006 and 2007.

[*10] (e) Petitioner owned two seats on the New York Mercantile Exchange during the taxable years 2006 and 2007. Petitioner, to conceal his ownership in these two seats, transferred the two seats to Thomas Hansen as a nominee. Thomas Hansen then rented out one of the seats to John Losordo. Thomas Hansen and John Losordo made rental payments to MBF Clearing Corporation, and MBF Clearing Corporation then remitted those payments to petitioner. Petitioner received rental income in this manner in the amounts of $225,500 and $18,500 during the taxable years 2006 and 2007, respectively.

(f) Petitioner repeatedly refused to provide MBF Clearing Corporation with his social security number to prevent MBF Clearing Corporation from filing Forms 1099 with respondent reflecting petitioner's rental income from his two seats on the New York Mercantile Exchange.

(g) Petitioner received taxable social security benefits in the amounts of $5,838 and $6,037 during the taxable years 2006 and 2007, respectively.

(h) During the examination and in his petition, petitioner has asserted meritless positions, including that he is not subject to Federal income taxes, and that the paying of Federal income taxes is voluntary, except for those working for the Federal government or Federal agencies, those in the U.S. military, and those domiciled in the District of Columbia, the Federal territories or possessions, or their forts and enclaves.

(i) Petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records to respondent in connection with the examination of the taxable years 2006 and 2007 was fraudulent with intent to evade tax.

**[*11]** (j)  Petitioner's failure to file income tax returns for the taxable years 2006 and 2007 is part of a longstanding pattern of intent to evade taxes.

(k)  Petitioner also failed to maintain complete and accurate books and records and file income tax returns for the taxable years 1999, 2000, 2001, 2002, 2003, 2004, and 2005, during which time he had taxable income of $153,136, $164,621, $177,768, $269,501, $228,518, $745,112, and $341,610, respectively, further evidencing a longstanding pattern of intent to evade taxes.

(l)  Petitioner had taxable income in the amounts of $359,510 and $64,137 for the taxable years 2006 and 2007, respectively.

(m)  As a result of petitioner's fraudulent failure to file income tax returns for the taxable years 2006 and 2007, he is liable for additions to tax under I.R.C. § 6651(f) of $83,590 and $9,030, respectively.

As stated, we set these cases for trial in Miami, Florida, on January 31, 2012, at 9:30 a.m.  When the cases were called, petitioner failed to appear in person or by counsel.  Respondent made the motions.  We ordered petitioner to show cause why respondent's motions should not be granted.  Petitioner filed a response and a supplement to response, in both of which he advanced only frivolous and meritless claims.

**[*12]**                                          Discussion

I.       Motion To Dismiss for Default

         A.       Introduction

         In pertinent part, Rule 123(a) provides:

         Default:  If any party has failed to plead or otherwise proceed as
         provided by these Rules or as required by the Court, then such party
         may be held in default by the Court either on motion of another party
         or on the initiative of the Court.  Thereafter, the Court may enter a
         decision against the defaulting party, upon such terms and conditions
         as the Court may deem proper * * *

         A party may be held in default when he fails to appear for trial.  E.g.,

Ritchie v. Commissioner, 72 T.C. 126, 128-129 (1979); Tucker v. Commissioner,

T.C. Memo. 2012-309, at *8.  The default has the effect of admitting or

establishing all well-pleaded facts in the Commissioner's answer.  See Bosurgi v.

Commissioner, 87 T.C. 1403, 1409 (1986); Gross v. Commissioner, T.C. Memo.

2008-218, 2008 WL 4366066, at *5.  And those well-pleaded facts may support

entry of decision against the taxpayer.  See Smith v. Commissioner, 91 T.C. 1049,

1056-1057 (1988), aff'd, 926 F.2d 1470 (6th Cir. 1991).  Default may lead to entry

of a decision including a penalty or an addition to tax for fraud.  See id. at 1060.

         Respondent argues that petitioner's failure to appear when these cases were

called for trial on January 31, 2012, constitutes a default and that it is appropriate

for the Court to enter decisions against him upholding the determined deficiencies

**[\*13]** and additions to tax.[4]  Respondent relies on admissions and deemed stipulations to establish certain facts not averred in his answers.

We hold petitioner in default.  He has failed to comply with the Rules of the Court.  He has not cooperated in the preparation of these cases for trial, he has failed to comply with Court orders, and he did not appear for trial.  His responses are filled with tax-protester rhetoric.  Such conduct provides ample basis for holding him in default.  See, e.g., id.  We shall address separately the deficiencies and additions to tax.

B.    Deficiencies in Tax

Petitioner admits that he did not file Federal income tax returns for 1999 through 2007.  He had taxable income of $153,136, $164,621, $177,768, $269,501, $228,518, $745,112, $341,610, $359,510, and $64,137 for those years,

---

[4]At least with respect to the deficiencies in tax that he determined, respondent states that dismissal of petitioner's cases pursuant to Rule 123(b) on account of his failure to properly prosecute would reach the same result that would be reached if we hold him in default under Rule 123(a).  That is true.  We have said: "A Rule 123(b) dismissal, as a sanction against petitioner, is available as to those issues for which petitioner bears the burden of proof.  A Rule 123(a) default would be the proper sanction against petitioner as to those issues for which respondent bears the burden of proof." Lopez v. Commissioner, T.C. Memo. 2001-93, 2001 WL 388758, at \*4 (citing Smith v. Commissioner, 926 F.2d 1470, 1476 (6th Cir. 1991), aff'g 91 T.C. 1049 (1988)).  Petitioner bears the burden of proof with respect to the determined deficiencies.  See Rule 142(a).  Nevertheless, respondent has moved that we hold petitioner in default and dismiss under Rule 123(a), and we will do so.

[*14] respectively, resulting in deficiencies in the amount respondent determined for each year. We will sustain respondent's determinations of deficiencies in tax.

C.     Addition to Tax for Fraudulent Failure To File Return

Section 6651(f) imposes an addition to tax of up to 75% of the amount of tax required to be shown on the return where the failure to file a Federal income tax return is due to fraud. "[R]espondent must prove by clear and convincing evidence that petitioner underpaid his income tax and that some part of the underpayment was due to fraud." Clayton v. Commissioner, 102 T.C. 632, 646 (1994). There is no question that petitioner's failure to file a return for each of the years in issue resulted in underpayments for each year. To establish fraudulent intent, the Commissioner must prove that a taxpayer intended to evade a tax known or believed to be owed by conduct intended to conceal, mislead, or otherwise prevent the collection of tax. See, e.g., DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992); Mohamed v. Commissioner, T.C. Memo. 2013-255, at *20; Akland v. Commissioner, T.C. Memo. 1983-249, 1983 Tax Ct. Memo LEXIS 536, at *45, aff'd, 767 F.2d 618 (9th Cir. 1985). Not only do respondent's averments show such intent, but petitioner is deemed to have admitted that his failure to file returns for the years in issue "was not due to mistake" and "was due to * * * [his] fraudulent intent to evade taxes". We have

**[\*15]** adequate grounds on which to sustain respondent's section 6651(f) additions to tax for all years in issue.

> D.     Addition to Tax for Failure To Pay Tax

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely the tax shown on a return, unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect.  A substitute for return prepared by the Commissioner pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for purposes of section 6651(a)(2).  See sec. 6651(g).  For each month or fraction thereof for which a failure to pay continues, section 6651(a)(2) adds 0.5% of the tax required to be shown on such return, up to a maximum addition of 25%.  The substitutes for returns respondent prepared for the years in issue show tax due for each year, and petitioner has not made any payments toward those liabilities.  We will sustain respondent's section 6651(a)(2) additions to tax for all years in issue.

> E.     Addition to Tax for Failure To Pay Estimated Income Tax

Section 6654(a) and (b) provides for an addition to tax in the event of an individual's underpayment of a required installment of individual estimated tax. Each required installment is equal to 25% of the "required annual payment", which, in turn, is generally equal to the lesser of (1) 90% of the tax shown on the

[*16] individual's return for that year or, if no return is filed, 90% of his or her tax for such year, or (2) if the individual filed a return for the immediately preceding year, 100% of the tax shown on that return. Sec. 6654(d)(1)(A) and (B). The due dates of the required installments for a calendar taxable year are April 15, June 15, and September 15 of that year and January 15 of the following year. Sec. 6654(c)(2). For purposes of section 6654, an individual's tax consists of income and self-employment tax determined before the application of any wage withholding credits which, under section 6654(g)(1), are treated as payment of estimated tax. See sec. 6654(f). Section 6654(e) provides for certain specified exceptions to the applicability of section 6654, none of which is applicable to petitioner.

Because petitioner did not file a return for any year in issue, nor for 1998, his "required annual payment" for each year was 90% of the tax owed for that year. See sec. 6654(d)(1)(B)(i). Respondent's records show that petitioner did not make any estimated tax payments during any of the years in issue. Therefore, we sustain respondent's determination of a section 6654 addition to tax for each year.

II.    Motion for Penalties Under Section 6673(a)(1)

Respondent asks that we impose a penalty against petitioner under section 6673(a)(1) with respect to each docket. Section 6673(a)(1) authorizes the Court to

[*17] require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in the proceeding is frivolous or groundless, sec. 6673(a)(1)(B). We see no reason for these cases other than delay. Moreover, petitioner's cases are groundless, and his arguments are frivolous. Among his frivolous arguments, petitioner claims that he is not subject to Federal income tax, that the only persons required to pay Federal income tax are those people working directly for the Federal Government or the U.S. military, and that the Internal Revenue Code does not establish any liability for the payment of Federal income tax. A position maintained by a taxpayer is frivolous where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner failed to report substantial amounts of income for nine years and has offered no plausible argument that he is not subject to Federal income tax. Rather, he relies on tax-protester rhetoric that has been universally rejected by this and other courts. See, e.g., Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Williams v. Commissioner, 114 T.C. 136, 138-139 (2000).

**[\*18]** By initiating these groundless proceedings, petitioner has wasted the Court's and respondent's limited resources and deserves a substantial penalty. We will, therefore, require petitioner to pay a penalty under section 6673(a)(1) of $25,000 in each of these consolidated cases.

To reflect the foregoing,

<u>Appropriate orders will be issued, and decisions will be entered under Rule 155</u>.